# Horn & Brannen Manufacturing Company *v.* Steelman, Appellant.

*Mechanics' liens—Gas fixtures—Contract—Delivery—Act of June* 15, 1897, *P. L.* 155.

The Act of June 15, 1897, P. L. 155, extending the right to file a mechanic's lien to persons supplying gas fixtures and other appliances mentioned in the act gave a right of lien where the goods were contracted for before the passage of the act, but delivered to the building after the passage and approval of the act.

Argued Oct. 12, 1905. Appeal, No. 248, Oct. T., 1905, by defendant, from order of C. P. No. 3, Phila. Co., Dec. T., 1897, No. 806, M. L. D., sustaining exceptions to report of referee in case of The Horn & Brannen Manufacturing Company v. Walter E. Steelman. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Scire facias sur mechanic's lien.

Exceptions to report of E. Spencer Miller, Esq., referee.

McMICHAEL, J., filed the following opinion:

In this case the report of the referee was set aside by the court of common pleas, but no opinion was filed. The Superior Court has referred the case back to us, in order that the views of this court, in differing with the learned referee, may be stated.

The case was originally argued before Honorable THOMAS K. FINLETTER and Honorable HENRY J. McCARTHY. Honorable HENRY J. McCARTHY, to whom had been assigned the duty of writing the opinion, was a very conscientious and painstaking judge, but the great pressure of work and his serious illness probably prevented the writing and filing of an opinion by him.

The very courteous language of the court above in alluding to the duty of the inferior courts to file opinions where reports of referees are reversed, has prompted this explanation upon the record of a seeming omission by our court.

As the writer of this opinion did not sit upon the original argument of the case, a reargument was ordered.

The question argued before us on the second or reargument was whether the Act of June 15, 1897, P. L. 155, extending the right to file a mechanic's lien to persons supplying gas fixtures and other appliances mentioned in the act, gave a right of lien where the goods were contracted for before the passage of the act, but delivered to the building after the passage and approval of the act.

The referee was of opinion that no right of lien existed. His opinion is learned, lengthy, and, although not altogether clear, it reached the conclusion that the plaintiff had no right of lien.

The Act of Assembly, approved June 15, 1897, P. L., 155, is entitled, " An Act to amend section 1 of a supplement to an Act entitled ' An Act relating to the lien of mechanics and others,' " etc. By section 1 it is provided " that upon and after the passage of this act, the several provisions of the act to which this is a supplement be, and the same are hereby, extended to plumbing, gas fitting and furnishing, and erection of grates and furnaces, gas fixtures, electric light fixtures and wiring."

As appears by the testimony, the claimant, who knew that this act was before the legislature, made a contract to supply gas fixtures for the building which is the subject of lien, and he states in his testimony that the goods were supplied by him upon the credit of the building, and not upon the personal credit of the defendant. The goods were delivered after the act of assembly was approved by the governor and had become a law. It was argued on behalf of defendant that the goods could not have been sold upon the credit of the building, because there was no act of assembly giving the right to lien at the time the contract was made, and that, therefore, the goods could not have been sold on the credit of the building ; that is, upon the faith of the right to lien by statute, and must have been sold on the personal credit of the defendant.

On the other side, it was argued that the delivery of the goods to the building upon the faith of the credit of the building is the criterion by which we are to determine whether the right of lien exists.

The view of this court was, and still is, that a delivery of the goods upon the faith and credit of the building determines the right of lien. The right of lien, in our opinion, came into

existence when the debt arose, and this was when the goods were delivered to the building. Prior to that, there was only a contract to deliver goods, and the plaintiff might, if he had chosen, have refused to execute his contract, and all the vendee could have recovered would have been damages for the breach of contract; title to the goods had not passed. But when the goods were delivered to the building a debt arose, and the spirit and meaning of the mechanic's lien law is that as the labor or goods went into and became part of the building, the mechanic or material man should have a right to look to the building for his money. As his labor or goods are, as it were, incorporated into the building, he had a right in the building itself. That right has been called a mechanic's lien, and the general trend of decisions in this state is in favor of protecting the lien for labor and material where it is possible without straining the law.

In our opinion, the controlling fact in this case is that there was a law in existence, namely, the act of June 15, 1897, giving the right of lien for gas fixtures at the time when the gas fixtures for which the claim in this case was filed were delivered.

*Error assigned* was the order of the court.

*H. Gordon McCouch*, with him *Henry S. Drinker, Jr.*, for appellant.—In the absence of positive indication that the legislature intended to give the act of 1897 retrospective operation, it should not be so interpreted.

The time at which the debt in question was "contracted," within the meaning of the act in question, was not the time of the delivery of the goods, but the time of making the contract which gave rise to the debt, and therefore the act of June 15, 1897, gives no lien for goods delivered pursuant to a contract entered into before that date.

In upholding the plaintiff's construction of the act we must impute to the legislature the intention to abrogate the established rule of law that goods for which a mechanic's lien is claimed must have been sold on the credit of the building: Oppenheimer v. Morrell, 118 Pa. 189; Fahnestock v. Wilson, 95 Pa. 301; Schroeder v. Galland, 26 W. N. C. 33; Hancock's Appeal, 115 Pa. 1; Brown v. Cowan, 110 Pa. 588; Hadding-

ton Church v. Philadelphia, 108 Pa. 466 ; Presbyterian Church
v. Allison, 10 Pa. 413 ; Owen v. Johnson, 174 Pa. 99 ; Hommel v. Lewis, 104 Pa. 465 ; Odd Fellows Hall v. Masser, 24
Pa. 507.

*Samuel Gustine Thompson*, with him *Walter Willard*, for appellee.—As liens are peculiarly the creatures of statute and do
not exist under the common law, they are debts chargeable
against the structures.    Such debts are created either by the
work done or the delivery of the articles, and then only, when
so created, the liens spring into existence : Wilson v. Forder,
30 Pa. 129 ; White v. Miller, 18 Pa. 52.

PER CURIAM, December 10, 1905 :
The six judges who heard this case being equally divided in
opinion, the judgment is affirmed.